FRANCIS W. SIMPSON, plaintiff in error *v.* JOSEPH P. UP-
DEGRAFF and WILLIAM H. RANDOLPH, defendants in
error.

*Error to McDonough.*

A justice of the peace has jurisdiction of a suit upon a note for $100, where the
plaintiff does not claim interest.

THIS was an action instituted before a justice of the peace of
McDonough county, on the 22d day of October, 1838, upon the
following promissory note:

"$100,00. On or before the twentieth day of October, we
or either of us promise to pay John D. Walker, or bearer, one
hundred dollars, for value received. Macomb, April 23d, 1838.

J. P. UPDEGRAFF. [L.S.]
WM. H. RANDOLPH. [L.S.]"

On the back of which note was written,
"For value received I assign the within note to F. W. Simp-
son, this 4th October, 1838.

JOHN D. WALKER."

The justice rendered judgment for the plaintiff, and the defend-
ants appealed to the Circuit Court. At the October term, 1839,
the Hon. Peter Lott presiding, the cause was called for trial, and
the plaintiff read in evidence the note and endorsement, and there-
upon the defendants moved to dismiss the suit for want of juris-
diction in the justice of the peace, which motion was sustained
by the Court, the cause dismissed, and a judgment for costs ren-
dered against the plaintiff. The plaintiff excepted to the opinion
of the Court, and embodied the facts in a bill of exceptions, which
was signed and sealed by the judge, and the cause brought to this
Court by writ of error.

A. WILLIAMS and S. H. LITTLE, for the plaintiff in error.

O. H. BROWNING, for the defendants in error.

BROWNE, Justice delivered the opinion of the Court:
This was a suit by the plaintiff against the defendants, before a
justice of the peace of McDonough county, on a promissory note
for the payment of one hundred dollars. The justice of the
peace who tried the cause, gave judgment for the plaintiffs for the
sum of one hundred dollars and costs. Updegraff and Randolph
appealed from the decision of the justice to the Circuit Court of
McDonough county. When the cause came on to be tried, the
defendants, Updegraff and Randolph, by their attorneys, moved

the Court to dismiss the appeal, because the justice of the peace had no jurisdiction of the cause. The motion was sustained by the Court, and the cause dismissed. To reverse the decision of the Circuit Court, this writ of error is brought. The statute giving jurisdiction to justices, page 402, sec. 1, Scammon's Revised Laws,(1) provides "That justices of the peace in this State shall have jurisdiction within their respective counties, to hear and determine all civil suits for any debts or demands of the following description, viz: for any debt claimed to be due on a promissory note, &c., where the whole amount, &c., shall not exceed one hundred dollars. It seems clear that the justice of the peace had jurisdiction. It comes within the letter and spirit of the law conferring jurisdiction on justices of the peace. For these reasons, the judgment of the Circuit Court of McDonough county must be reversed with costs; and as the sum claimed by the plaintiff, is certain, judgment is rendered here for one hundred dollars with costs.

*Judgment reversed,* and judgment rendered in this Court.